## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**WILLIAM STATON (#498991)**                                **CIVIL ACTION NO.**

**VERSUS**                                                              **20-164-JWD-SDJ**

**SAMUEL C. DAQUILLA, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 9, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WILLIAM STATON (#498991)**                                **CIVIL ACTION NO.**

**VERSUS**                                                              **20-164-JWD-SDJ**

**SAMUEL C. DAQUILLA, ET AL.**

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

This matter comes before the Court on the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner William Staton.[1] The State has filed a response.[2] As the Petition is untimely, it is recommended that the Petition be denied and dismissed with prejudice.

    **I.**    **Procedural History**

Petitioner was indicted for aggravated rape on August 4, 2009.[3] He was found guilty after a jury trial,[4] and on February 21, 2013, Petitioner was sentenced to life without the benefit of probation, parole, or suspension of sentence.[5] Petitioner filed a direct appeal,[6] which was denied on March 21, 2014.[7] He then proceeded to the Louisiana Supreme Court,[8] which denied review on November 7, 2014.[9] Petitioner then filed an application for post-conviction relief on February 3, 2016,[10] which was denied.[11] Petitioner sought review of the denial of post-conviction relief,[12]

---

[1] R. Docs. 1 & 5.
[2] R. Doc. 18.
[3] R. Doc. 23-2, p. 22.
[4] R. Doc. 23-14, p. 34.
[5] R. Doc. 23-17, pp. 5-9.
[6] R. Docs. 24-2, p. 3-24-3, p. 9.
[7] R. Docs. 24-1, p. 4-24-2, p. 2.
[8] R. Docs. 24-4, p. 1-24-5, p. 3.
[9] R. Doc. 24-6, p. 1.
[10] R. Doc. 24-7, pp. 2-25.
[11] R. Doc. 24-7, pp. 95-97, 135-139.
[12] R. Docs. 24-7, pp. 99-100, 141-160; 1-30.

which was denied by both the Louisiana First Circuit Court of Appeal on March 6, 2019,[13] and the Louisiana Supreme Court on December 10, 2019.[14] This Petition followed on January 7, 2020.[15]

## II.     The Petition is Untimely[16]

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review.[17] If a petitioner stops the direct appeal process before proceeding through all available state courts, "the conviction becomes final when the time for seeking further direct review in the state court expires."[18] The time during which a "properly filed" application for state post-conviction or other collateral review is "pending" in the state courts is not be counted toward the one-year limitations period.[19] Conversely, any time during which there are no properly-filed, post-conviction or collateral review proceedings pending before the state courts does count toward the passage of the one-year period. A state post-conviction relief application is considered "pending" (1) while it is before a state court for review; and (2) during the time authorized to file a timely application for further review at the next level of state consideration (thirty days in the State of Louisiana, unless an *allowable* extension is granted).[20]

---

[13] R. Doc. 24-8, p. 33.
[14] R. Doc. 24-9., pp. 1-2.
[15] R. Doc. 1. The "prison mailbox rule" was adopted by the Supreme Court in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988). Accordingly, this Report uses the date the Petition was signed and dated as the date of filing, rather than the date the filing was received by the Court.
[16] *Day v. McDonough*, 547 U.S. 198, 209 (2006) ("district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). However, the parties must be given notice and an opportunity to respond. *Id.* at 210. Accordingly, *petitioner is hereby specifically instructed that this Report and Recommendation is notice to him that this Court is sua sponte raising the issue of limitations and that petitioner must submit any evidence or argument concerning the limitations defense as part of any objections he may file to this report.* *Hurst v. Cain*, No. 06-3045, 2008 WL 4286503, at *2 (E.D. La. Sept. 18, 2008).
[17] 28 U.S.C. § 2244(d)(1)(A).
[18] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).
[19] 28 U.S.C. § 2244(d)(2).
[20] *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

2

Petitioner was sentenced on February 21, 2013.[21] Direct review concluded on November 7, 2014,[22] and Petitioner's conviction became final by ninety days later on February 5, 2015.[23] On February 3, 2016,[24] Petitioner filed an application for post-conviction relief. The Court is required to count all the time between February 5, 2015, and February 3, 2016, against the time clock,[25] but February 5, 2015, when the conviction became final is not counted, and February 3, 2016, when an application for postconviction relief was properly filed is also not counted.[26] Thus, at the time Petitioner filed his application for post-conviction relief in the state court, **362** days of untolled time had elapsed, leaving Petitioner **three** days to file his federal habeas petition. From February 3, 2016, through December 10, 2019, Petitioner had a properly-filed application for post-conviction relief. Time was tolled *through* the date the Louisiana Supreme Court denied writs, December 10, 2019, and the clock again began to tick on December 11, 2019.[27] Petitioner then filed the Petition in this Court on January 7, 2020, **26** days later.[28] Accordingly, in total, **388** days of untolled time passed, rendering the Petition untimely.

---

[21] R. Doc. 23-17, pp. 5-9.

[22] R. Doc. 24-6, p. 1.

[23] See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (a conviction becomes final upon expiration of the time for seeking direct review, which "includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort.").

[24] R. Docs. 23-39, p. 23; 1, p. 3. This Court has given Petitioner the benefit of the earliest date noted on the application for post-conviction relief, as it is unclear when the application was actually filed with the state trial court, though the state trial court judge noted it was filed on February 8, 2016. *See* R. Doc. 23-38, p. 1. Even giving Petitioner this benefit, his Petition is still untimely.

[25] *See Gray v. Wingham*, 2019 WL 1271040, at *3 (M.D. La. March 1, 2019).

[26] *Brown v. Vannoy*, No. 17-314, 2021 WL 4074793, at *2 (M.D. La. Aug. 6, 2021), *report and recommendation adopted*, No. 17-0314, 2021 WL 4066989 (M.D. La. Sept. 7, 2021) (including the last day a petitioner has to file with a court on direct review or the day the application for postconviction relief is filed is incorrect).

[27] *See Leonard v. Deville*, 960 F.3d 164, 173 (5th Cir. 2020) (time was tolled through the date the writ was ultimately denied by the Louisiana Supreme Court).

[28] R. Doc. 1. Respondent has used the date the Petition was docketed in this Court as the date of filing, but this method of dating is incorrect. The "prison mailbox rule" was adopted by the Supreme Court in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988). Accordingly, this Report uses the date the Petition was signed and dated as the date of filing, rather than the date the filing was received by the Court. Additionally, the Court has found no support for the assertion that the original filing of the habeas petition should not be considered the date of filing and, rather, the date the counseled petition was filed should be considered the date of filing. Even the cases cited by Respondent do not support this assertion.

This Court must dismiss the untimely habeas application pursuant to 28 U.S.C. § 2244(d) unless Petitioner can establish that he is entitled to tolling of the limitations period. To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), Petitioner must demonstrate that some state action, in violation of the Constitution or federal law, prevented him from filing a timely petition.[29] Based upon a review of the record, there is no legal or factual basis for finding that Petitioner is entitled to statutory tolling under this section.[30]

Nor is there any basis for equitable tolling. It is the petitioner's burden to demonstrate that equitable tolling is warranted.[31] The Fifth Circuit takes a holistic approach to determining whether equitable tolling is warranted—there is no bright line rule[32]—however, equitable tolling is only available "in rare and exceptional circumstances."[33] Generally, equitable tolling requires a showing of the following two elements: (1) that the litigant has been pursuing his rights diligently, and (2) some extraordinary circumstance has stood in his way.[34] "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."[35] Ignorance of the law, lack of knowledge of filing deadlines, or a temporary denial of access to research materials or an adequate law library are generally not sufficient to warrant equitable tolling.[36] Further, equitable tolling "is not intended

---

[29] *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).
[30] Petitioner filed a supplemental petition regarding unanimous jury verdicts in light of *Ramos v. Louisiana,* 140 S.Ct. 1390 (2020). However, the United States Supreme Court has since held that *Ramos* does not apply retroactively. *Edward v. Vannoy*, 141 S.Ct. 1547 (2021). Accordingly, § 2244(d)(1)(C) does not save the Petition from being untimely.
[31] *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).
[32] *Diggs v. Vannoy*, 840 Fed.Appx. 779, 781 (5th Cir. 2021) ("Equitable tolling is discretionary, does not lend itself to bright-line rules, and turns on the facts and circumstances of a particular case.") (internal quotations and citations omitted).
[33] *Hardy*, 577 F.3d at 598.
[34] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).
[35] *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006), citing *Felder v. Johnson*, 204 F.3d 168, 174 (5th Cir. 2000).
[36] *Tate v. Parker*, 439 Fed.Appx. 375, 376 (5th Cir. 2011), citing *Felder,* 204 F.3d at 171-72 and *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000).

4

for those who sleep on their rights."[37] Thus, a federal habeas petitioner is required to act with diligence[38] and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after a denial by state appellate courts of these applications for relief.[39] Nothing in the record demonstrates that Petitioner is entitled to equitable tolling;[40] thus, this Petition should be dismissed as untimely.

### III. A Certificate of Appealability Should be Denied

Should Petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[41] Although Petitioner has not yet filed a Notice of Appeal, the Court may address whether he would be entitled to a certificate of appealability.[42] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[43] In cases where the court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional rights *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[44] In the instant case, reasonable jurists would not debate the

---

[37] *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012).
[38] "The diligence required for equitable tolling purposes is reasonable diligence, . . . not maximum feasible diligence," and equitable tolling decisions must be made on a case-by-case basis. *Holland v. Florida*, 560 U.S. 631, 649-50, 653 (2010) (internal quotation marks omitted).
[39] *See Ramos v. Director*, Nos. 09-463/09-477, 2010 WL 774986, at *4 (E.D. Tex. Mar. 1, 2010).
[40] The Court recognizes that the majority of the time counted against Petitioner was between when his conviction became final and when his counseled application for post-conviction relief was filed. However, post-conviction counsel's actions are irrelevant to the tolling decision because a prisoner has no right to counsel during a post-conviction collateral attack upon a criminal conviction. *Davis v. Cain*, No. 15-308, 2018 WL 4345281, at *7 (M.D. La. Aug. 17, 2018).
[41] 28 U.S.C. § 2253(c)(1)(A).
[42] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[43] 28 U.S.C. § 2253(c)(2).
[44] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006), citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis in original).

correctness of the procedural ruling that Petitioner's application is untimely. Accordingly, in the event Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## RECOMMENDATION

**IT IS RECOMMENDED** that Petitioner's application for habeas corpus relief[45] be **DENIED** as untimely, and that this proceeding be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED** if Petitioner seeks to pursue an appeal.

Signed in Baton Rouge, Louisiana, on February 9, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[45] R. Doc. 1